Cecelia Hollien, an Infant, by Walter Hollien, Her Guardian ad Litem, et al., Plaintiffs, v. Helen Kaye et al., Defendants.

Supreme Court, Special Term, Sullivan County, April 13, 1949.

*Rosen & Rosen* for plaintiffs.

*John J. O'Connor* and *George F. Roesch, 2d,* for defendants.

Bookstein, J.   The infant plaintiff sustained serious personal injuries as the result of a collision between a motor vehicle owned and operated by her father, in which she was a passenger and a motor vehicle owned by defendant Kaye and operated by defendant Jancko.

Plaintiff now moves for an inspection and discovery, of any and all statements which either of the *defendants* made to their insurance carrier, concerning the accident referred to in the complaint.

Plaintiff concedes that this application presents a problem of first impression in this State. No decision by any court of this State has been called to the court's attention, nor has independent research discovered any, in which the question presented by this application has been passed upon.

Discovery and inspection of statements given by *plaintiffs* to the insurance carriers of defendants was denied in *Sack* v. *All States Holding Corp.* (268 App. Div. 793); *Sevon* v. *Rockmaker* (269 App. Div. 1057); *La Maida* v. *Miledna Realty Corp.* (182 Misc. 690), and *Croteau* v. *Belden* (30 N. Y. S. 2d 315) but was granted in *Sciortino* v. *Steeplechase Amusement Co.* (51 N. Y. S. 2d 174); *Meehan* v. *McCloy* (266 App. Div. 706), and *Bearor* v. *Kapple* (24 N. Y. S. 2d 655).

Thus it can be seen that even in those cases in which the statements sought to be discovered and inspected were those given by plaintiffs to a defendant's carrier, courts have been loath to grant such discovery and inspection and the relief was denied in the first four of the seven cases heretofore cited and granted in the latter three.

In *Sciortino* v. *Steeplechase Amusement Co.* (*supra*) the City Court of New York, granted the motion for a discovery and inspection of a *plaintiff's* statement as " in the interest of justice, particularly in the circumstances indicated in the moving affidavit of the plaintiff ". What these circumstances were does not appear in the opinion but it may be assumed that they must have been of an exceptional nature.

In *Meehan* v. *McCloy* (*supra*) where similar relief was granted to a plaintiff to discover and inspect her own statement given to an investigator for the insurance carrier of defendant, the court was impelled to its decision by the claim that plaintiff was in a weakened condition and in intense pain when the statement was given; that the adjuster obtained the statement under a promise of taking care of her; and the fact that the statement was taken at a time, that would have constituted the taking of the statement a crime under section 270-b of the Penal Law had plaintiff been at a hospital instead of in a private home, when the statement was taken.

So, too, in *Bearor* v. *Kapple* (*supra*) similar relief was granted to a plaintiff in similar circumstances and on virtually similar

grounds. In that case, the Special Term held that plaintiff was entitled to a discovery and inspection of his own statement taken by the defendant's insurance carrier on the day of the accident, under alleged threat of arrest; that it was taken at a time prohibited by section 270-b of the Penal Law, if taken at a hospital, and that, under all such circumstances, the discovery and inspection should be permitted.

It may be noted that thus, in .the only three reported cases decided by the courts of this State in which a plaintiff was permitted an inspection and discovery of his own statement, the court granted same only in unusual and extraordinary circumstances.

The reasoning and rationale which resulted in granting, in those cases, discovery and inspection of the plaintiff's own statements cannot possibly apply to a defendant's statement furnished by him to his own carrier or its representatives.

Defendants contend that their statements sought to be inspected are confidential communication under section 353 of the Civil Practice Act and hence are not the proper subject of discovery and inspection at the instance of a plaintiff.

In this case it appears that the summons and complaint were served on June 19, 1948; that the insurance carrier of defendants retained an attorney for them, as required by its contract; that thereafter and on June 24, 1948, under instructions issued by said attorney, another attorney at Liberty, New York, interviewed the defendants and took their written statements on June 30, 1948, after which the attorney retained by the insurance carrier prepared and himself verified an answer on July 9, 1949.

This situation certainly comes within the spirit, if not, indeed, within the very letter of section 353 of the Civil Practice Act, so as to render such statements privileged and confidential.

Plaintiff contends that, even if that be so, it may be assumed that there are earlier reports or statements by defendants to their carrier, made to its lay representatives and before any attorney was retained for them.

Assuming that situation to exist, this court is nevertheless of the opinion that such statements should be accorded the status of confidential and privileged communications.

A communication by letter between an attorney and his client or the *latter's agent* is privileged, as much as an oral communication between the attorney and the client. (*Le Long* v. *Siebrecht*, 196 App. Div. 74.)

The statements of these defendants were intended as a communication by them to the attorney ultimately to be retained for them by the carrier, under their contract. The delivery of the statements by these defendants to the carrier's representative, whether he be layman or lawyer, constitutes the carrier and such representatives the agent of defendants, to transmit such statements to their attorney, when he has been selected and retained by the carrier.

The fact that defendants did not select their own counsel is of no moment. They had a contract, for which they paid a valuable consideration, which obligated the carrier to provide them with counsel. The carrier stood in the position of an agent of these defendants to select and retain their attorney for them.

Memoranda made and statements taken by and on behalf of a defendant or prospective defendant or by his attorney or the attorney's agent after a cause of action has arisen and in the course of preparation for trial of an action instituted or likely to be instituted are not evidence which defendants may introduce; nor can plaintiff cause their production and introduction, because of their privileged character. In this respect such material differs from documents which were created, without privilege, prior to the existence of a cause of action and which may establish a cause of action or a defense.

If the statements in question have the status of privileged communications, and this court has reached the conclusion that they do, then they are not evidence. They cannot be introduced in evidence by defendants and their introduction should not be permitted by plaintiff, against defendant's claim of privilege.

If they are not evidence, they are not the subject of discovery and inspection. (See *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24.)

Moreover, if perchance, the statements taken June 30, 1948, or earlier statements or reports from defendants to their carrier were not made under the circumstances which bring them within the letter of section 353 of the Civil Practice Act, nevertheless this court is of the opinion that, as a matter of discretion, such statements should be afforded the confidential status, accorded to any communication which comes literally within the provisions of that section.

Section 324 of the Civil Practice Act confers the power to compel a discovery and inspection. The granting of such an order rests in the sound discretion of the court. (*Union Trust Co. of Rochester* v. *Francis*, 154 Misc. 83; *Hart* v. *Ogdensburg*

*& L. C. R. R. Co.*, 69 Hun 497; *Clyde* v. *Rogers*, 87 N. Y. 625; *Stilwell* v. *Priest*, 85 N. Y. 649.)

In our present complex society and vast use of motor vehicles, the insurance against liability on the part of owners of motor vehicles has become the rule rather than the exception. In fact, in some States such insurance is compulsory. We, in this State, have a modified form of compulsory insurance.

It follows that in case of an accident, the owner of a motor vehicle is bound by the terms of his contract, to make a full and prompt report to his carrier. The assured should be encouraged to, rather than discouraged from, making a full and complete disclosure to his insurance carrier. Let us suppose that an assured does so and furnishes his statement to a lay representative of his carrier, before its general counsel has ever heard of the case and could not yet be said to be the attorney for the assured; or before some other attorney is engaged to represent the assured, and that hence, it might be held that the statement may not come either within the letter or the spirit of section 353 of the Civil Practice Act. Let us suppose further that the statement thus given by the assured to his carrier, in compliance with his contract, and on the assumption that he is furnishing the statement to the agency which he has paid to protect him, reveals the commission of acts which constitute the crime of culpable negligence. Should the assured be prevented from unbosoming himself of the true facts concerning an accident to the very entity, which, either through voluntary choice or under legal compulsion, he has paid to protect his interests in the event of an accident, through fear that his statement could be reached by the person who will instigate against him either civil or criminal proceedings or both? Or should fear of self-incrimination or fear of a recovery beyond policy limits subjugate the assured to the point of concealing the true facts to the very one whom he has paid in advance to protect him in just such a contingency.

It seems to this court that it would be contrary to sound public policy to permit the discovery and inspection of statements of a defendant or a prospective defendant made to his own insurance carrier, whether made before or after suit is instituted or to its lay representatives, either before or after an attorney has been formally selected by the carrier to represent its assured.

The invasion of the sacred right of privacy of the individual has gone on apace. It should not be opened to further invasion by permitting a discovery and inspection of the nature here sought.

The exercise of sound discretion demands the denial of the motion made.

Nor does this court regard the decision in *Bloodgood* v. *Lynch* (293 N. Y. 308) as contrary to the conclusion reached herein. There the Court of Appeals did not hold that defendant could be compelled to produce a photograph which the trial court refused to direct counsel for defendants to produce upon the trial, upon demand of plaintiff; it merely held that upon a subsequent trial a fuller development should be had as to the history of the photograph, so that it might be determined whether it was made in preparation for trial under the direction of the defendants or their counsel and hence whether or not it had the status of a privileged communication, and if such investigation showed that it did have such status, its production could not be compelled.

There is far greater reason to accord to statements such as are here sought to be discovered and inspected the status of privileged communications than there is to a mere photograph, even if the photograph is made at an attorney's direction in preparation for trial.

Moreover, and in any event, this court is of the opinion that the statements here sought to be discovered and inspected are not documents or other papers within the purview of section 324 of the Civil Practice Act.

The motion is denied.

Submit order.