**GORDON v. ROBINSON (GORDON, third-party defendant).**

Civ. A. No. 175.

United States District Court
W. D. Pennsylvania.

Dec. 10, 1952.

John M. Wolford and John A. Blackmore, Erie, Pa., for plaintiff.

William F. Illig (of Gifford, Graham, MacDonald & Illig), Erie, Pa., for defendant.

GOURLEY, Chief Judge.

This is a trespass action based on an automobile accident. A jury trial was held, over which my late associate, the Honorable Owen M. Burns, presided, which resulted in a verdict in favor of defendant.

On the basis of Rule 63 of the Federal Rules of Civil Procedure, 28 U.S.C.A., I am satisfied the record speaks with sufficient clarity and completeness for me to dispose of the matters which remain for adjudication, and that no need exists to hear the case de novo.

The instant motion is for a new trial, based upon alleged errors of the trial judge in the admission of certain testimony which falls within three separate categories:

(a) Testimony given by an attorney who was consulted by the plaintiff, but who did not represent the plaintiff at the time

of trial was called as a witness by the defendant for the purpose of contradicting statements made by the plaintiff when testifying as a witness in support of his right to recover.

(b) Testimony given by the representative of an adjustment bureau taken from the plaintiff on behalf of the insurance carrier of the plaintiff.

(c) Testimony and statements offered by a state police officer who made an investigation subsequent to the accident, based on a report formulated by him which contained conclusions and expressions of opinion as to how the accident occurred and the cause therefor.

### Discussion

(a) Did the trial judge commit error in admitting the testimony of an attorney previously consulted by the plaintiff who was called by the defendant to contradict the plaintiff on matters of material fact?

At the time the plaintiff discussed the accident with his former attorney, he was confined to a hospital. During the entire period that the statement was taken by the attorney and his stenographer, the plaintiff's stepson was present in the hospital room. The stepson was not present at the time of the accident, nor did he reside with either of the plaintiffs involved in the litigation. There is nothing in the record to indicate that the aid or assistance of the stepson was required for the plaintiff to familiarize counsel with any facts or circumstances which could possibly relate to the accident.

■ The law is settled in Pennsylvania that all privileged communications between attorney and client are sacred. If any particular case forms an exception, it must be shown by him who did withdraw the seal of secrecy and should be clearly shown. Alexander v. Queen, Appellant, 253 Pa. 195, 97 A. 1063.

■ The applicable rule, as set forth in VIII Wigmore on Evidence, Third Ed., § 2292, is as follows: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived."

Rule 210 of Model Code of Evidence of the American Law Institute, 1942 Ed., is to the same effect. The comments accompanying the rule, both in Wigmore, and in the Model Code of Evidence, point to a granting of privilege only where freedom of consultation of legal advisers by clients may be promoted. Cafritz v. Koslow, 1948, 83 U.S.App.D.C. 212, 167 F.2d 749, 751.

■ The statute and decisions in Pennsylvania appear to conform to the ruling that communications made by a client to his attorney in the presence of third persons are not privileged. 28 P.S.Pa. § 321; In re Cridges Estate, 289 Pa. 331, 137 A. 455; Machnofsky v. Smith, 101 Pa.Super. 578.

This also seems to be the ruling in the courts of the United States. Himmelfarb v. United States, 9 Cir., 1949, 175 F.2d 924, 938–939, certiorari denied 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527.

■ It, therefore, appears that the trial judge entered an appropriate ruling as to the admissibility of the testimony offered by former counsel of the plaintiff.

■ (b) It is suffice to say, in disposing of the question which has been raised as to the admissibility of the testimony of an employee of an adjustment bureau who had been retained by the plaintiff's insurance carrier, to secure a statement from the plaintiff as to the circumstances which surrounded the accident, was proper since on no theory of law could such statements be considered privileged.

(c) A state policeman who was detailed to investigate the accident was called to testify and used his official report, which he was required to file with the state authorities, to refresh his recollection. He testified that certain conclusions had been formed as to how the accident occurred and as to who was at fault for the happening of the accident. Although the report was not offered in evidence, his testi-

mony was confined solely to what appeared in his report. There is no question that the state policeman, based upon his investigation, offered opinions and conclusions as to what had taken place. At first impression one is prone to reach the conclusion that such testimony was improper.

However, it must be kept in mind that all of the testimony of said witness was read from his official report. Since the trial of the action, the question seemingly has been determined in this Circuit. A police report made in an official capacity is deemed to be made in the regular course of business and is, therefore, admissible in evidence. McKee v. Jamestown Baking Co., 3 Cir., 198 F.2d 551.

Since the official report would have been admissible in evidence and the witness' testimony was read from the report, I must conclude that although the testimony of the witness reflected his opinion and conclusions as to where and how the accident occurred and who was at fault therefor, the admissibility of said testimony was proper.

In view of the foregoing the motion for a new trial is refused.