**A. B. GASS et al., Appellants,**

v.

**Thomas BAGGERLY et al., Appellees.**

No. 15556.

Court of Civil Appeals of Texas.

Dallas.

Feb. 5, 1960.

Elizabeth Carp, Dallas, for appellants.

Thompson, Coe & Cousins and Robert W. Porter, Dallas, for appellees.

YOUNG, Justice.

The suit was for damages following personal injuries to plaintiffs A. B. Gass and Truman L. Boyd, suffered in a collision between the car driven by Gass with a trailer-truck operated by Baggerly and owned by F & S Trucking Company of Pasadena, Harris County; the place being in the 8300 Block of South Central Expressway and occurring about 1:00 o'clock in the morning of September 19, 1957. On a trial and jury answers to special issues, a judgment was entered for the individuals owning the trucking company and Baggerly; and that plaintiffs take nothing by their suit, followed by this appeal.

Point of impact of the two vehicles was less than 100 feet south of the intersection of Ledbetter Drive, an east and west highway, and the Expressway (Route No. 75) running north and south. Baggerly, his truck loaded with liquid chlorine from Pasadena, Texas, and destined for the Dallas Sewage Treatment Plant, was in process of moving to the left on Expressway intending to turn west into Ledbetter Drive. Plaintiffs Gass and Boyd, police officers of the City of Dallas, and engaged in patrol duties, were also traveling north on the Expressway, the collision occurring at place and manner thus generally stated. The two officers experienced an entire loss of memory from just prior to the collision until later at the hospital; and hence were unable to testify as to the unfortunate occurrence or details concerning same. The issues raised by pleadings of the parties and the evidence is generally reflected in the following summary of numbered jury answers; it being noted that defendant Baggerly was found free of negligence on all plaintiffs' issues; but with contributory negligence found against plaintiffs on three sets of defensive issues:

(1) That Baggerly did not fail to keep a proper lookout; (3) was not driving his vehicle at a rate of speed that was excessive under the surrounding circumstances; (5) did not fail to signal his intention of turning into the left hand northbound traffic lane; (8) did not drive his vehicle from a stopped position on the shoulder of the road into the roadway in question when such movement could not have reasonably been made with safety; (11) did not drive his vehicle to his left into the left hand traffic lane of the highway in question when such movement could not have reasonably been made with safety. Damages for personal injuries sustained by Truman L. Boyd was fixed at $10,000; to A. B. Gass at $2,000.

(17) That A. B. Gass was not driving the police car at a rate of speed that was excessive under the surrounding circumstances; (19) that plaintiff Gass failed to use ordinary care in timely applying the brakes on the police car; (20) which was a proximate cause of the collision; (21) A. B. Gass failed to keep a proper lookout; (22) which was a proximate cause; (23) the failure of Gass to turn the police car to his right was not negligence; (23-a) failure of Gass to turn police car to the left was negligence; and (23-b) a proximate cause of the collision; (24-a) failure of plaintiff Gass to sound the horn of his police car was not negligence; (25) the car of plaintiff Gass was not following defendants' vehicle more closely than was reasonable and prudent, having due regard for the speed of such vehicle, the traffic upon and the condition of the highway; (27) plaintiff Truman L. Boyd did not fail to keep a proper lookout; (29) plaintiff Boyd did not fail to warn the driver of the police car of defendants' vehicle. *Note*: It appears without dispute that on the occasion in question, plaintiffs were engaged in a joint enterprise.

■ First to be considered are the objections to appellants' points 1, 2, 3, 4 and 6, on grounds that same are multifarious, too general and indefinite—violative of Rules 321 and 322, Texas Rules of Civil Procedure—and hence must be treated as

waived under Rule 374.[1] Manifestly several of these points are open to the objections made; for a point is multifarious when it embraces more than one specific ground of error and seeks to attack several distinct and separate errors or rulings. Darling v. Panhandle & Santa Fe Ry. Co., Tex.Civ.App., 209 S.W.2d 660. But we will discuss the points below quoted seriatim, in light of the objections made; also generally, concerning their merits.

■■ Point one complains initially that the Court approved a defendants' judgment without allowing them to file motion non obstante veredicto. The matter is not briefed. Even so, the Court was authorized to render judgment after jury verdict upon its own motion perforce of Rule 300, Texas Civil Procedure. Appellants in fact filed such a motion, which was presented, acted upon and overruled as was motion for new trial on September 2, 1958. And with reference to the cited Sections of Article 6701d, Vernon's Ann.Civ.St. appellants pled no acts of negligence based thereon, or if raised, the errors if any have been waived because not briefed.

■ Point two may be considered only to extent of the charge of jury misconduct. Rule 327, T.C.P. Five jurors testified; appellants' version of their testimony being as follows: That Juror Rita Martin had been holding out for a "yes"

---

1. These numbered points are here quoted:

(1) "The Court erred in failing to allow appellants to approve the judgment entered July 15, 1958, as to form and without allowing appellants to file a motion non obstante veredicto and without notice to appellants and without a motion for judgment being filed and in not allowing appellants an opportunity to argue against the judgment form that was entered without notice to appellants' counsel and without a hearing being had on any motion for judgment, because under the undisputed evidence, appellee Baggerly was guilty of negligence as a matter of law and such negligence was the proximate cause and the resulting damages to appellants, and the Court after considering the jury findings and the undisputed evidence, should have entered judgment for appellants and against appellees since appellee Baggerly was negligent as a matter of law in violation of Article 6701d, Revised Civil Statutes of Texas, 1925, Sec. 65(b) and (c), Sec. 67, Sec. 68(a), (b) and (c), Sec. 69 and Sec. 74, and the Court erred in entering judgment in the form that it was entered without approval or notice to appellants' counsel and by reason of such facts the Court erred in entering judgment for appellees because the verdict of the jury was so contrary to the law and the evidence as to require it to be set aside and judgment entered for appellants.

(2) The court erred in entering judgment for the appellees and denying appellants' motion for a new trial as appellants were denied and deprived of a trial before a fair and impartial jury and said jury was guilty of jury misconduct.

(3) The Court erred in submitting special issues 1, 3, 5, 8, 11, 19, 21, 22, 23, 24, 23a, 23b, 25, 27 and 29; special issues 3, 23a and 23b were a comment on the evidence and invaded the province of the jury and the issues assumed that there was certain testimony in the record and assumed that there was negligent operation of the police patrol car by appellant Gass; special issues 5, 25, 27 and 29 were not supported by any evidence in the record; with respect to special issue 8, the Court failed to instruct the jury as to appellee Baggerly's obligation under the applicable statute; that with respect to special issue 19, said special issue 19 places a burden upon appellant Gass, greater than that imposed upon him by law; that with respect to special issue 21, it assumes and presumes in contradiction to the laws of the State of Texas that appellant Gass should have anticipated that appellee Baggerly would angle across three lanes of traffic contrary to the proper operation of a motor vehicle and as such is a comment on the weight of the evidence and assumes that appellant Gass was guilty of negligence which was a disputed fact.

(4) The Court erred in failing to submit the special issues requested by appellants as the evidence failed to support the issues submitted by the Court.

(6) The Court erred in failing to admit into evidence testimony by Dr. Tonn, appellees' expert witness as to the location of appellees' vehicle if said vehicle had been traveling 15 miles per hour as testified to by witness E. E. Sawyer."

answer to issue 11 (negligence of Baggerly); that relying on representations made to her by other jurors that a change by her to a negative answer would not affect the right of plaintiffs to recover the sums awarded to them; she doing so in order to reach a unanimous verdict. Juror Brady testified to being told by Foreman Lougee that plaintiffs would get the money awarded regardless of how certain of the issues were answered. We have studied all testimony adduced on motion for new trial and conclude that same well supports the court's implied finding that the charge of misconduct was not established. The testimony of juror Rita Martin was inconclusive;[2] stating first that during the trial she did not give full credence to the testimony of Baggerly with respect to his movements of the truck-trailer; during jury deliberations stating that she did not believe the plaintiffs would get the amount awarded unless some negligence of Baggerly was involved; and finally appearing to change over on issue 11 for lack of evidence to the contrary. And Foreman Lougee expressly contradicted above testimony of Juror Brady; the latter further stating that he answered all issues from a preponderance of the evidence.

■  Point 3 is multifarious, too general to specify error and therefore waived under Rules of Procedure above cited. Texas Life Insurance Co. v. Jordan, Tex.

Civ.App., 253 S.W.2d 906. Moreover the objections and exceptions to the charge were not shown to have been presented to the Court and by him refused as required by Rule 272, T.C.P. Similarly with respect to point 4. Nor were the requested issues separated from objections and exceptions as required by Rule 273. Neither was the point adequately briefed.

■  Subject of point 5 is the following: during course of jury argument defense counsel stated:

> "Now, then, when we realize that we have a truck that big in the road and that the lights, even at night, show it up well and that the testimony in this case, undisputed, is that there were lights on the rear of the truck, which counsel in one of her more playful moments suggests, 'where is the truck?', but I say to that, anyone looking at the picture * * *".

To the above appellants' counsel objected, asking the court to instruct the jury to disregard the remark of Mr. Coe with reference to her. The objection was sustained, the court failing however to give the requested instructions, to which Miss Carp responded "Thank you, sir." In its context, the remarks of Mr. Coe appear rather of a jocular or facetious nature, but to the extent improper, the court prop-

---

2. While Rita Martin, Juror, stated on cross examination that on Issue 11, she "yielded because they said we would be better off to agree so long as we were giving them some money"; her prior testimony on direct examination indicates that there were no overt statements by other jurors to such effect:

"Q. All right. Now, were any statements made to you, or any remarks by any of the jurors that influenced you to change your answer? A. Well, several times it was said that if we could agree, we probably would be better off, that we could get the thing settled. We went along and answered question 14 about the money, what we thought should be awarded. Then when we went back to that one they said, 'Well, we have already

awarded them some money, so what difference does it make how we vote?' I don't know whether—that probably wasn't just the way it was worded *but that was what they implied*, that it didn't make any difference how we answered this one, because we had already said that. I said that I thought that unless there was something in the answers that would indicate some guilt on the part of the truck driver; or some involvement, that we couldn't award him any money. They said, 'Well, Mr. Coe said when he was giving us the answers, that we should *make* that we could award them $5,000.00 and $1,000.00, so if Mr. Coe said that, we would have to agree that we could give him something'." (Emphasis added.)

erly sustained the objection made. Counsel appeared satisfied with the ruling, not then insisting on further jury instructions to disregard. Any inadequacy of court ruling was obviously waived. It is stated in Texas Employers' Insurance Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856, 858, that "* * * ordinarily a litigant will not be permitted to lie in wait, taking a chance on a favorable verdict and, being disappointed, complain of improper argument for the first time in a motion for new trial."

Appellees have properly objected to any consideration of point 6 below in that, although appellants excepted to the court's ruling, they did not go further and develope by bill of exceptions what Dr. Tonn's answer or testimony would have been. Rules 372, 373, 418(c), T.C.P. Texas Lloyds v. Laird, Tex.Civ.App., 209 S.W.2d 937.

In point 7, appellants assert court error in failing to admit into evidence a claimed non-privileged communication and prior inconsistent written statement of appellee Baggerly, which statement was marked Plaintiffs' Exhibit 25 for identification. The exhibit in question was a writing signed by Baggerly and procured by Grady Bass at scene of the collision on mid-morning of September 19, 1957. Grady Bass was an adjuster for John T. Parker Claims Service, which claims service was employed by Baggerly's insurer, Pan American Insurance Company, to investigate the collision. Bass had made written report of the case to the insurance company at Houston, inclusive of the Baggerly statement; Miss Carp, plaintiffs' attorney saying that the file had been found on her desk, among some depositions and papers in the case. It was conceded that such file had left the possession of appellees' attorneys inadvertently and without their knowledge and consent. Immediately upon tender of the Exhibit by plaintiffs for identification and offer in evidence, defendants' counsel had moved for its suppression and return

to them as privileged matter, which privilege had not been waived; the motion being sustained on development of above facts. The Exhibit was correctly excluded; Rule 167, T.C.P. Production of Documents, providing in part "that the rights herein granted shall not extend to the written communication passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, * * * or defense of such claim or the circumstances out of which same has arisen".

All points of appeal are overruled and judgment of the trial court is affirmed.