(No. 36737.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
WILLIS P. RYAN, Appellant.

*Opinion filed May 25, 1962.—Rehearing denied September 27, 1962.*

WILLIS P. RYAN, of Mattoon, *pro se,* (HARLAN HELLER
and FRED A. HICKS, both of Mattoon, of counsel,) for
appellant.

HARRISON J. McCOWN, State's Attorney, of Tuscola,
for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This appeal is prosecuted by Willis Ryan, an attorney,
from a judgment of the county court of Douglas County
which found him guilty of contempt and fined him $100
for his refusal to comply with an order of the court direct-
ing him, pursuant to a *subpoena duces tecum,* to produce a
statement concerning an automobile accident which his

client, Della Emberton, had given to her automobile insurer in compliance with the co-operation clause of the insurance policy. At the time of the order and refusal an information was on file in the county court charging Della Emberton with the offense of driving while under the influence of intoxicating liquor, and Ryan, who had in the past represented the insurance company in damage suits throughout the area, had obtained possession of the statement from a company official. Review in civil contempt is properly brought under the provisions of the Civil Practice Act, (*People* v. *Gholson,* 412 Ill. 294, 299,) and the appeal in this instance has been brought directly to this court on the ground that a constitutional question is involved. Specifically, it is the appellant's theory that the written statement given by Della Emberton to her insurer was a privileged communication, and that to compel him to produce it would be in violation of her constitutional rights against self-incrimination.

We do not reach the question of whether the statement given by Della Emberton was a privileged communication for, on the facts of the case which show that the statement is the property of the insurer, it is clear that the privilege of self-incrimination is not available as a defense to appellant thus removing any constitutional question from the case and, with it, our jurisdiction to entertain the direct appeal. The privilege against self-incrimination is a purely personal one, and it is well established that the papers and effects which the privilege protects must be the private property of the person claiming the privilege, or at least in his possession in a purely personal capacity. (*United States* v. *White,* 322 U.S. 694, 699, 88 L. ed. 1542, 1546; *United States* v. *Boccuto,* D.C.U.S. 175 F. Supp. 886, 890; *People* v. *Ryan,* 410 Ill. 486, 494; *People* v. *Munday,* 280 Ill. 32, 60.) The statement here was not the private property of either the appellant or his client, nor was it possessed by appellant in a purely personal capacity.

It is axiomatic that this court will not entertain a direct

appeal when the constitutional question presented is so well settled as to be no longer debatable. (*Betts* v. *Village of Calumet Park*, 20 Ill.2d 524; *Moore* v. *County Board of School Trustees*, 10 Ill.2d 320; *White* v. *Youngblood*, 367 Ill. 632; *People* v. *Blenz*, 317 Ill. 639.) Accordingly, and since there is no other ground which permits us to take jurisdiction, the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*