People of the State of Illinois, Petitioner-Appellee, v. Willis P. Ryan, Respondent-Appellant.

Gen. No. 10,442.

Third District.

April 16, 1963.

Rehearing denied and opinion modified May 7, 1963.

Ryan & Heller, of Mattoon (Willis P. Ryan, Harlan Heller and Fred A. Hicks, of counsel), for appellant.

Harrison J. McCown, State's Attorney, Douglas County, of Tuscola, for appellee.

ROETH, JUSTICE.

This appeal is prosecuted by Willis Ryan, an attorney, from a judgment of the County Court of Douglas County which found him guilty of contempt and fined him $100 for his refusal to comply with an order of the court directing him, pursuant to a subpoena duces tecum, to produce a certain document which he had in his possession. Certain factual matters concerning this document are important and appear in the record before us without contradiction.

On February 18, 1961, one, Della Emberton was involved in an automobile collision of the automobile she was driving and a semitrailer truck. As a result of this collision her husband, who was riding with her, and the driver of the semitrailer truck were killed. Prior to the collision, Inter-Insurance Exchange

353

of the Chicago Motor Club had issued a public liability insurance policy insuring Della Emberton against all claims for personal injury, wrongful death and property damage occasioned by the operation of the automobile by her. This policy contained the usual cooperation clause and the usual clause requiring the company to defend any suits brought against her. After the collision the insurance company through its investigators, commenced an investigation of the collision. On February 20, 1961, an investigator interviewed Della Emberton and took from her a written statement signed by her covering the details of the occurrence. Apparently this statement was placed in the files of the insurance company.

On February 21, 1961, an information was filed in the County Court of Douglas County charging Della Emberton with driving the automobile involved in the collision while under the influence of intoxicating liquor. Learning of the filing of this information, Della Emberton called the appellant Willis P. Ryan to arrange for a conference with him with reference to this information. She was advised that Willis P. Ryan was out of town and would not return until the 24th. On February 24, 1961, Della Emberton consulted with Willis P. Ryan and employed him to defend her on the criminal charge.

On June 21, 1961, Willis P. Ryan was notified that the criminal case of People v. Emberton had been set for trial on July 5, 1961. He thereupon called the Champaign office of the insurance company and requested the use of its investigation file for use in the trial of the criminal case. Since he had previously been employed by the insurance company in automobile collision cases affecting its policyholders in surrounding counties, the file was delivered to him. It contained the written signed statement of Della Emberton. On July 5, 1961, Willis P. Ryan was served

354

with a subpoena by the State's Attorney commanding him to produce the written signed statement of Della Emberton. Neither on June 21, 1961, nor on July 5, 1961, had Willis P. Ryan been employed by the insurance company to defend any civil litigation arising out of the collision, and in fact no civil litigation was then pending. Willis P. Ryan, upon direction of his client Della Emberton, refused to produce the document pursuant to the subpoena and was thereupon adjudged in contempt. The refusal of Willis P. Ryan to produce the document was based upon two grounds:

1. That the written statement was a privileged communication, and that to compel him to produce it would be in violation of her constitutional rights against self-incrimination.

2. That the written statement was a privileged communication between attorney and client.

The appeal from the contempt order was originally taken to the Supreme Court of Illinois on the theory that a constitutional question was involved because of the first contention. By a written opinion appearing in 25 Ill2d 233, 184 NE2d 853, the court found that the contention that the rights of Della Emberton against self-incrimination would be violated by production of the document, was not tenable. With the constitutional question thus removed, the Supreme Court declined to pass upon the remaining contention of appellant and transferred the case to this court. We are therefore required to decide whether under the factual situation above set forth, the document in question is a privileged communication between attorney and client.

The contention of appellant that the document is a privileged communication between attorney and client is predicated on the theory that a report or other communication made by the insured to his liability in-

surance company, concerning an event which may be made the basis of a claim against him covered by the policy, is a privileged communication, as being between attorney and client, if the policy requires the company to defend him through its attorney, and the communication is intended for the information or assistance of the attorney in so defending him. Although this precise question has never been passed upon by the courts of review of Illinois, there is respectable authority in other states supporting this principle. Such cases are In re Heile, 65 Ohio App 45, 29 NE 2d 175; In re Klemann, 132 Ohio St 187, 5 NE2d 492; Schmitt v. Emery, 211 Minn 547, 2 NW2d 413; Hollien v. Kaye, 194 Misc 821, 87 NYS2d 782; Heffron v. Los Angeles Transit Lines (Calif Dist Court of Appeals, 1959), 339 P2d 567; Gass v. Baggerly (Texas Civil Court of Appeals, 1960), 332 SW2d 426 (statutory provision incorporating rule); Wojciechowski v. Baron, 274 Wis 364, 80 NW2d 434; Vann v. State (Supreme Court of Florida, 1956), 85 So2d 133. The leading English case is Westminster Airways, Ltd. v. Kuwait Oil Co., 1 KB 134, 22 ALR2d 648. This rule is based upon two well established principles. First, an instrument which itself constitutes a communication between an attorney and client and owes its existence to an effort to transmit information from one to the other is privileged to the same extent as any other communication between attorney and client, and a court may neither require it to be produced nor compel the giving of evidence as to its contents, 58 Am Jur Witnesses Sec 499, and second, the privilege extends to the client's communication to an agent for transmission to the attorney, 58 Am Jur Witnesses Sec 502. Thus, the delivery of a statement by the insured to the insurance carrier's representative, whether he be layman or lawyer, constitutes the insurance carrier and such representative the agent of the insured, to transmit such statements to the attorney when he has been

356

selected and retained by the insurance carrier. The rule is not altered by reason of the fact that litigation may not be pending at the time the statement is taken or that the insurance carrier has not at that time retained counsel for the insured. Also, the fact that the insured does not select his own counsel is of no moment. He has a contract, for which he has paid a valuable consideration, which obligates the insurance carrier to provide him with counsel. The insurance carrier therefore stands in the position of an agent for the insured to select and retain an attorney for him.

■■ Assuming that the foregoing principles are basically sound, they have no application to the factual situation in the case at bar. When Della Emberton gave her written signed statement to the investigator, that investigator and her insurance carrier became her agent to transmit the document to the attorney selected or to be selected to represent her in the business to which the document pertained. While the statement of Della Emberton remained in the possession of her insurance carrier it retained its privileged character. When the statement was transmitted by the insurance carrier to the attorney selected by it pursuant to the contractual obligation, and while in the possession of *that* attorney, it likewise retained its privileged character. In the case at bar the record affirmatively shows that appellant Willis P. Ryan was not retained by the insurance carrier at the time the document came into his possession. He was retained by Della Emberton in the criminal matter by private employment. The document did not come into his hands as an attorney selected by the insurance carrier to represent her in the business or subject matter to which the document pertained. It came into his hands, at his request from the agent of Della Emberton, with her consent, for use in the defense of Della Emberton in the criminal case, a use entirely different from that for which it was originally intended. He thus stands in the

position of a third party to whom a privileged communication has been revealed with the consent of the person entitled to assert the privilege. The law is well settled that under these circumstances the initial privilege is waived and cannot thereafter be claimed.

Accordingly the judgment of the County Court of Douglas County should be affirmed.

■■ There is, however, one additional matter that deserves consideration. The record demonstrates to us that the refusal to produce the document pursuant to the subpoena was made for the purpose of testing the legality of the court's order, in the manner provided by law. The Supreme Court has finally determined one of the contentions urged by appellant. We have undertaken to dispose of his remaining contention. If and when our decision becomes final and a mandate is filed in the County Court of Douglas County, that court is directed to enter an order providing that appellant may purge himself of contempt by producing the document in question within 10 days of the filing of the mandate, in default of which the contempt order is to stand.

Affirmed with directions.

REYNOLDS, P. J. and CARROLL, J., concur.