(No. 37951.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
WILLIS P. RYAN, Appellant.

*Opinion filed March 18, 1964.*

WILLIS P. RYAN, of Mattoon, (HARLAN HELLER, of
counsel,) *pro se.*

HARRISON J. McCOWN, State's Attorney, of Tuscola,
for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the
court:

The respondent, Willis Ryan, an attorney, was found
guilty of contempt of court and fined $100 for his refusal
to comply with an order of the county court of Douglas

County directing him to produce a signed statement of his client which he had in his possession.

Respondent originally appealed to this court on the constitutional ground of an alleged violation of the privilege against self-incrimination. We determined that no fairly debatable constitutional issue was involved and transferred the cause to the Appellate Court. (*People* v. *Ryan*, 25 Ill.2d 233.) The Appellate Court affirmed the trial court (*People* v. *Ryan*, 40 Ill. App. 2d 352,) and we have granted leave to appeal.

This appeal raises important questions concerning the scope of the attorney-client privilege in relation to the following undisputed facts of this case.

On February 18, 1961, Della Emberton was involved in an automobile collision as a result of which two persons were killed. Prior to the collision, Inter-Insurance Exchange of the Chicago Motor Club had issued a public liability insurance policy insuring Della Emberton against all claims for personal injury, wrongful death and property damage occasioned by the operation of the automobile by her. This policy contained the usual co-operation clause and the usual clause requiring the company to defend any suits brought against her. After the collision the insurance company commenced an investigation of the collision, and on February 20, 1961, an investigator interviewed Della Emberton and took from her a written statement signed by her covering the details of the occurrence. Apparently this statement was placed in the files of the insurance company.

In February, 1961, an information was filed in the county court of Douglas County charging Della Emberton with driving the automobile involved in the collision while under the influence of intoxicating liquor. On February 24, 1961, Della Emberton consulted with Willis P. Ryan and employed him to defend her on the criminal charge.

On June 21, 1961, Willis P. Ryan was notified that the criminal case of People v. Emberton had been set for trial

on July 5, 1961. He thereupon called the Champaign office of the insurance company and requested the use of its investigation file for use in the trial of the criminal case. Since he had previously been employed by the insurance company in automobile collision cases affecting its policyholders in surrounding counties, the file was delivered to him. It contained the written signed statement of Della Emberton, in which she admitted to the consumption of several bottles of beer in two taverns before the accident. On July 5, 1961, Willis P. Ryan was served with a subpoena by the State's Attorney commanding him to produce the written signed statement of Della Emberton. Neither on June 21, 1961, nor on July 5, 1961, had Willis P. Ryan been employed by the insurance company to defend any civil litigation arising out of the collision, and in fact no civil litigation was then pending. Willis P. Ryan, upon direction of his client Della Emberton, refused to produce the document pursuant to the subpoena and was thereupon adjudged in contempt. The refusal of Willis P. Ryan to produce the document was based upon two grounds: (1) that the written statement was a privileged communication, and that to compel him to produce it would be in violation of her constitutional rights against self-incrimination, and (2) that the written statement was a privileged communication between attorney and client.

We previously disposed of the constitutional ground for refusal to produce the statement in *People* v. *Ryan,* 25 Ill.2d 233. The Appellate Court held that the document was not within the scope of the attorney-client relationship because the statement was given to the respondent Ryan as a third party, with the consent of Della Emberton, and the document thus lost its privileged character. However, by way of dictum the Appellate Court suggested that the document was privileged while in the hands of the insurance company, and would have been privileged if it had been transmitted to an attorney retained by the insurance company pursuant

to its contractual obligation to defend Della Emberton against civil claims. The Appellate Court stated: "When Della Emberton gave her written signed statement to the investigator, that investigator and her insurance carrier became her agent to transmit the document to the attorney selected or to be selected to represent her in the business to which the document pertained. While the statement of Della Emberton remained in the possession of her insurance carrier it retained its privileged character. When the statement was transmitted by the insurance carrier to the attorney selected by it pursuant to the contractual obligation, and while in the possession of *that* attorney, it likewise retained its privileged character. In the case at bar the record affirmatively shows that appellant Willis P. Ryan was not retained by the insurance carrier at the time the document came into his possession. He was retained by Della Emberton in the criminal matter by private employment. The document did not come into his hands as an attorney selected by the insurance carrier to represent her in the business or subject matter to which the document pertained. It came into his hands, at his request from the agent of Della Emberton, with her consent, for use in the defense of Della Emberton in the criminal case, a use entirely different from that for which it was originally intended. He thus stands in the position of a third party to whom a privileged communication has been revealed with the consent of the person entitled to assert the privilege. The law is well settled that under these circumstances the initial privilege is waived and cannot thereafter be claimed."

Respondent Ryan attacks the decision of the Appellate Court, arguing that the document retained its privileged character when transmitted to the attorney representing the person entitled to assert the privilege.

The People agree with the result reached by the Appellate Court, but they disagree with the reasoning used in arriving at the result. The People would bottom the de-

cision on a determination that communications between an insured and insurer are not privileged.

We therefore first consider the character of the communication between Della Emberton and her insurance company while such communication remained in the exclusive possession of the insurer. The Appellate Court's determination that the communication was privileged at that time is supported by substantial authority in other States. *Vann* v. *State* (Florida, 1956), 85 So. 2d 133; *Heffron.* v. *Los Angeles Transit Lines* (1959) 170 Cal. App. 2d 709, 339 P.2d 567; *Gass* v. *Baggerly* (Tex. Civ. App., 1960), 332 S.W.2d 426 (statutory provision incorporating rule); *Wojciechowski* v. *Baron,* 274 Wisc. 364, 80 N.W.2d 434; *In re Heile,* 65 Ohio App. 45, 29 N.E.2d 175; *In re Klemann,* 132 Ohio St. 187, 5 N.E.2d 492; *Schmitt* v. *Emery,* 211 Minn. 547, 2 N.W.2d 413; *Hollien* v. *Kaye,* 194 Misc. 821, 87 N.Y.S.2d 782; *Westminster Airways, Ltd.* v. *Kuwait Oil Co.* 1 K.B. 134, Anno. 22 A.L.R.2d 648; *State* v. *Kociolek,* 23 N.J. 400, 129 A.2d 417.

Certain Federal cases, however, have come to a contrary conclusion. *Gottlieb* v. *Bresler,* 24 F.R.D. 371; *Gordon* v. *Robinson,* 109 F. Supp. 106; *Colpak* v. *Hetterick,* 40 F. Supp. 350.

We think the rationale of those cases upholding the privileged nature of communications between insured and insurer where the insurer is under an obligation to defend is more persuasive. We concede that such communications are normally made by the insured to a layman and in many cases no lawyer will actually be retained for the purpose of defending the insured. Nevertheless, by the terms of the common liability insurance contract, the insured effectively delegates to the insurer the selection of an attorney and the conduct of the defense of any civil litigation. The insured is ordinarily not represented by counsel of his own choosing either at the time of making the communication

or during the course of litigation. Under such circumstances we believe that the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interests of the insured. We believe that the same salutory reasons for the privilege as exist when the communication is directly between the client and attorney were present when Della Emberton made her statement to the investigator for her insurer. We therefore conclude that public policy dictates that the statement given by Della Emberton to her insurance carrier was clothed with the attorney-client privilege while in control of the insurer.

We must next consider if this privilege was lost when the statement was transmitted by the insurer, with the consent of the insured, to her attorney for use in the defense of a criminal proceeding.

It is well settled that the privilege against disclosure of confidential communications made by a client to an attorney is personal to the client and does not cease upon a termination of the relationship. (*In re Estate of Busse*, 332 Ill. App. 258.) While a client may waive the privilege by voluntary disclosure to others it does not follow that she has done so in this case. We think it clear that if Della Emberton personally repeated the identical communication to an attorney retained by her to defend her either in a civil or criminal proceeding, the second identical statement would also be privileged. If the required relationship between the parties existed in the first instance, it also existed in the second.

We can see no logical reason for a different result when a transcription of the first confidential communication is transmitted with the consent of the insured to the second attorney. In the absence of disclosure to a person not in an attorney-client relationship with the insured there is no waiver of the privilege.

We therefore conclude that the statement of Della Emberton retained its privileged character in the hands of the respondent and that the judgment of contempt was erroneous and must be reversed.  *Judgment reversed.*