Robert B. Jost, Plaintiff-Appellee, v. James L. Hill, Defendant-Appellant.
Robert B. Jost, Plaintiff-Appellee and Counter-Defendant-Appellee, and Anabell Jost, Plaintiff-Appellee, v. James L. Hill, Defendant-Appellant and Counter-Plaintiff-Appellant.

Gen. No. 64–F–8.

Fifth District.

September 10, 1964.

Burton C. Bernard and Joseph R. Davidson, of Granite City, and Lord, Bissell & Brook, of Chicago (Newell S. Boardman, of counsel), for appellant.

Moran, Beatty and Hiscott, of Granite City, for appellees.

REYNOLDS, J.

This cause arose out of a two car collision at the intersection of Nameoki Road with Madison Avenue, near Granite City, Illinois. Robert B. Jost, with his wife riding with him, was the driver of one car; James L. Hill the driver of the other car.

Robert Jost filed suit for damages to his car, and about three months afterwards, he and his wife filed suit for personal injuries and loss of consortium. Count I of the husband and wife complaint was for personal injuries to Robert B. Jost. Count II was for personal injuries to Anabell Jost. Count III was by Anabell Jost for loss of consortium by reason of the collision and the injuries suffered by her husband. Count IV was by Robert B. Jost for loss of consortium by reason of the collision and the injuries suffered by his wife. The defendant James L. Hill answered the complaint and counterclaimed for damages to his automobile.

By interrogatory plaintiffs asked for and were furnished the names of all preoccurrence and post-occurrence witnesses. In the list of witnesses furnished, the names of Billy Miller and David Cox appeared. In supplemental interrogatories, plaintiffs asked if any statements were taken in writing, by a court reporter or a tape recorder, from persons who were supposed to have witnessed the accident, and if the answer was in the affirmative, to please file a copy of all such statements. To these supplemental interrogatories defendant filed objections. Plaintiffs countered the objections of defendant by motion for order upon

defendant to produce for copying and inspection, written statements of some five named persons, among them Billy Miller and David Cox. The court allowed the motion. The defendant did not produce the statements and by a further order dated September 21, 1962, the defendant was again ordered to produce the statements on or before noon, September 22, 1962. Defendant did not comply and trial was commenced on September 26, 1962. On the third day of the trial, September 28, 1962, plaintiffs having rested their case, defendant moved to vacate the order to produce the statements. Plaintiffs objected and asked that the parties whose statements were taken on behalf of the defendant be not permitted to testify by reason of defendant's failure to comply with the order to produce the statements. The motion to vacate by the defendant was denied. Motion to deny defendant use of said witnesses was allowed. Defendant then offered proof by the two witnesses, Billy Miller and David Cox, and the offer of proof was denied by the court.

Before the selection of the jury was commenced, the plaintiffs moved to dismiss without prejudice Counts III and IV of plaintiff's complaint. Defendant objected, but the court allowed the motion to dismiss without prejudice.

The testimony of Miller and Cox being excluded, the trial was completed and the matter submitted to the jury. The jury found for Robert Jost in the amount of $2,500, nothing in favor of Anabell Jost, and against the defendant on the counterclaim. Defendant appeals.

The appeal raises two questions. First, had the trial commenced before the motion to dismiss Count III and IV of the complaint was made? Second, was the action of the trial court in excluding the testimony of Miller and Cox proper under the circumstances?

■ Section 52 of the Practice Act provides that a plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice. Here, the motion was made in the judge's chambers, before the selection of a jury was commenced. In the case of Wilhite v. Agbayani, 2 Ill App2d 29, 118 NE2d 440, the court held that the trial begins when the jury are called into the box for examination as to their qualifications and that the calling of the jury is part of the trial. In the case of Cosmopolitan Nat. Bank of Chicago v. Goldberg, 22 Ill App 2d 4, 159 NE2d 1, the question was whether a pretrial conference was a beginning of a trial. The court in that case citing the Wilhite v. Agbayani case, held that while the summoning of a jury to the court room does not constitute the beginning of a trial, the examination of a jury does.

Here, the motion was made in apt time and the dismissal of Counts III and IV without prejudice was proper.

The second point of the appeal concerns the written statements taken by defendant Hill's insurance carrier from Billy Miller and David Cox, shortly after the accident. These were the statements demanded by the plaintiffs which the defendant refused to produce. The failure or refusal of the defendant to produce the statements was the basis of the trial court's refusal to permit Miller and Cox to testify on behalf of the defendant.

Miller and Cox were disinterested, nonparty witnesses. This distinction is made for the reason that some of the cases seem to distinguish between interested, party witnesses and disinterested, nonparty witnesses.

Supreme Court Rule No 19-5, chap 110, section 101.19-5, Illinois Revised Statutes, provides as follows:

> "(1) Matters Privileged against Discovery. All matters which are privileged against disclosure upon the trial are privileged against disclosure through any discovery procedure. Disclosure of memoranda, reports or documents made by or for a party in preparation for trial or any privileged communications between any party or his agent and the attorney for the party shall not be required through any discovery procedure."

Plaintiffs cite the case of Stimpert v. Abdnour, 24 Ill2d 26, 179 NE2d 602, in support of their position that the statements of Miller and Cox were not privileged under Rule 19-5. In that case the court held that the written statement of one of the defendants, was not privileged under the rule. The court in that case cited decisions on other situations. The names of occurrence witnesses are not exempt from discovery, as being either a work product of a lawyer or as memorandum prepared in preparation for trial. Hruby v. Chicago Transit Authority, 11 Ill2d 255, 142 NE2d 81; Krupp v. Chicago Transit Authority, 8 Ill2d 37, 132 NE2d 532. Transcript of testimony of witnesses taken pursuant to law in a separate proceeding are not exempt under the Rule. McGill v. Illinois Power Co., 18 Ill2d 242, 163 NE2d 454. A defendant is entitled to production of material documents in the hands of the State. People v. Wolff, 19 Ill2d 318, 167 NE2d 197; People v. Moses, 11 Ill2d 84, 142 NE2d 1. The Court in the Stimpert v. Abdnour case ruled that the transcribed statement of one of the defendants, when properly authenticated, would be independently admissable as an admission of a party. As this court interprets the Stimpert v. Abdnour case, the holding of the court in that case was limited to party wit-

nesses, that is, those interested in the outcome of the case, and did not extend to nonparty or disinterested witnesses. And the reasoning of the court in holding that the statement was admissible, was on the ground that it was an admission of a party. This reasoning would not extend to a statement made by a person not a party to the cause.

In the case of Eizerman v. Behn, 9 Ill App2d 263, 132 NE2d 788, cited by plaintiffs, the court refused to follow the "good cause" rule laid down by Hickman v. Taylor, 329 US 495, holding that there are no provisions in Supreme Court Rule 19–5 for exceptions on good cause shown. And the court in that case held that memoranda, reports or documents made by or for a party in preparation for trial was not subject to discovery procedure.

The facts in the case of Wright v. Royse, 43 Ill App 2d 267, 193 NE2d 340, are not applicable to this case. There the question revolved around the failure of a party to furnish by way of answer to an interrogatory the name of a witness. The court held that the trial court has the broad discretionary power to exclude a witness under such circumstances, but that it is not mandatory that such witness be excluded. That while there is no specific language in the Supreme Court Rules that authorizes such exclusion of a witness, the trial court has that authority in its discretion. And the court held that while there is no mandatory rule requiring the trial court to exclude a witness whose name is not furnished, the trial court is under a duty, when the situation arises to delay the trial for the purpose of ascertaining the type of witness, the content of his evidence, the nature of the refusal or neglect to furnish the witness' name and the degree of surprise to the other party, and then take such action in the matter as the court may in its discretion decide is proper.

435

While the decisions of our courts on the question here seems to have been determined on narrower questions, or have been contrary to the later cases, the recent case of People v. Ryan, 30 Ill2d 456, 197 NE2d 15, seems determinative of the issue here. In that case, one Della Emberton was insured against claims for personal injury, wrongful death and property damage occasioned by the operation of the automobile of the insured. Della Emberton was involved in a collision. An investigator for the insurance company interviewed her and took from her a written statement covering the details of the occurrence and this statement was placed in the files of the insurance company. Afterwards, an information was filed in the County Court of Douglas County, Illinois, charging her with driving while under the influence of intoxicating liquors. She engaged the services of Attorney Willis P. Ryan to defend her on the criminal charges. Ryan had been employed by the insurance company on other matters and when he contacted the insurance company and asked for the investigation file, it was turned over to him. At that time Ryan had not been employed by the insurance company to defend in any civil litigation arising out of this particular collision. In fact, no civil litigation was then pending. In her statement to the insurance company, Della Emberton had admitted the consumption of several bottles of beer in two taverns prior to the accident. Ryan was served with a subpoena to produce the written statement of his client, and he refused to do so, on the grounds that it was a privileged communication and would be in violation of his client's constitutional rights against self-incrimination and that it was a privileged communication between attorney and client. The Supreme Court, in separate opinion, People v. Ryan, 25 Ill2d 233, 184 NE2d 853, held that no constitutional right was involved.

The Appellate Court in passing on the question in People v. Ryan, 40 Ill App2d 352, 189 NE2d 763, had held that the statement was privileged between the insurance company and the insured, but that this privilege was lost when the statement was delivered to Ryan. In reversing the Appellate Court, the Supreme Court in People v. Ryan, 30 Ill2d 456, on page 460, 197 NE2d 15, affirmed the holding of the Appellate Court that the statement remained privileged while in the possession of the insurer with this statement:

"We think the rationale of those cases upholding the privileged nature of communications between insured and insurer where the insurer is under an obligation to defend is more persuasive. We concede that such communications are normally made by the insured to a layman and in many cases no lawyer will actually be retained for the purpose of defending the insured. Nevertheless, by the terms of the common liability insurance contract, the insured effectively delegates to the insurer the selection of an attorney and the conduct of the defense of any civil litigation. The insured is ordinarily not represented by counsel of his own choosing either at the time of making the communication or during the course of litigation. Under such circumstances we believe that the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interests of the insured. We believe that the same salutory reasons for the privilege as exist when the communication is directly between the client and attorney were present when Della Emberton made her statement to the investigator for her insurer. We therefore conclude that public policy dictates that

437

the statement given by Della Emberton to her insurance carrier was clothed with the attorney-client privilege while in control of the insurer."

But the Supreme Court disagreed with the Appellate Court that the privileged status had been lost when the statement was turned over to Attorney Ryan, holding that since attorney-client relationship existed at the time the statement was made, it also continued to exist when the statement was in the hands of Ryan. That there was no waiver and that it retained its privileged status.

The questions involved in People v. Ryan, 30 Ill2d 456, 197 NE2d 15, are not identical with the questions here. There, there was a criminal case and the statement had been turned over to the attorney for the defense by the insurance company. Here, as there, the insurance company investigator made an investigation and secured a written statement. In the Ryan case the statement was obtained from a party involved. Here the statement was obtained from a nonparty witness. However, the law enunciated in People v. Ryan, 30 Ill2d 456, 197 NE2d 15, is applicable to the instant case.

The case of Koch v. Mettler, 49 Ill App2d 251, 199 NE2d 417, involved a statement made by the insured to his insurer. This statement was delivered to Burton C. Bernard to defend a personal injury action against Mettler. He was instructed not to disclose to opposing counsel or any person the contents of the statement. Upon being ordered by the trial court to produce and deliver the statement to the plaintiff's counsel, Mr. Bernard refused and was found guilty of contempt. On appeal to the Appellate Court, the Appellate Court citing the case of People v. Ryan, 30 Ill 2d 456, 197 NE2d 15, held that the report and statement given by Mettler to his insurance company's investigator were given to the investigator as an agent

to be made available to an attorney that might be selected by the insurance company to defend any action brought against Mettler as the result of the accident; that said communication was clothed with the attorney-client privilege while within the control of the insurance company and retained the privilege when it was communicated to the attorney selected to defend the insured.

Following these two cases, People v. Ryan, 30 Ill2d 456, 197 NE2d 15, and Koch v. Mettler, 49 Ill App2d 251, 199 NE2d 417, this court must hold that there is no distinction between statements made by a party to his insurance company, and statements made by a nonparty or disinterested witness to the insurance company. Both are privileged under Supreme Court Rule 19-5, as defined by the two cases.

■ Applying the law as laid down in these two cases to this case, the statements made by Miller and Cox to Hill's insurance company representative, were privileged and the trial court erred in ordering Hill to produce them, and further erred in excluding the testimony of Miller and Cox at the trial.

The judgment in favor of Robert B. Jost and against James L. Hill is reversed and the judgment in favor of Robert B. Jost on the counterclaim of James L. Hill will be reversed and the cause remanded for a new trial.

Reversed and remanded.

DOVE, P. J. and WRIGHT, J., concur.