Connie J. **HIEBERT**, Appellant,

v.

Don **WEISS**, Appellee.

No. 18473.

Court of Appeals of Texas, Fort Worth.

Sept. 24, 1981.

Rehearing Denied Oct. 22, 1981.

Brown, Herman, Scott, Dean & Miles and R. David Broiles, Fort Worth, for appellant.

Joseph W. Stewart, Arlington, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

MASSEY, Chief Justice.

Plaintiff Connie J. Hiebert sued defendant Don Weiss for damages flowing from personal injuries resulting from a boating accident. The court, sitting as trier of fact as well as law, found negligence in percentages: plaintiff 55 percent, defendant 45 percent, as reflected by Findings of Fact made by the court. A take-nothing judgment was rendered for defendant and plaintiff has brought her appeal.

We affirm.

The appeal involves one evidentiary issue. About three weeks after the accident of August 20, 1978 defendant (Weiss) gave an oral statement to the investigator for the insurance company whose policy contractually provided an attorney to defend against plaintiff's claim and, furthermore, protected him in the event of his liability. The statement was recorded by the investigator and a transcription was made. Upon suit having been filed, this was delivered as a part of the litigation file to the attorney supplied defendant. Discovered pursuant to trial was that such statement had been made by defendant in 1978 shortly after the occurrence. Plaintiff deemed the writing admissible as a prior inconsistent statement by the defendant of facts material to the issues of liability. She sought to introduce it in evidence. It was excluded.

It is by reason of the exclusion that the plaintiff deems herself aggrieved. Her sole point consists in claim of error in denial of right to cross-examine defendant from the transcript as an admissible prior inconsistent statement.

Defendant's counterpoint correctly contends the transcript was properly excluded as well as the testimony concerning same (tendered by plaintiff by bill of exception) with the following reasons presented: (1) such document was not a proper object of discovery; (2) a proper predicate was not established to support its admission as evidence; and (3) such document did not constitute a prior inconsistent statement in any material aspect.

Of the above, all sound contentions by defendant, we deem value to the body of jurisprudence to exist only in comments on the first legal principle; that the document was not a proper object of discovery.

Involved is a construction of Tex.R.Civ.P. 167, "Discovery and Production of Documents and Things for Inspection, Copying or Photographing", as it read at time of trial. (There has been a change as of January 1, 1981 and the language to be quoted is not in the rule now in effect.) We quote therefrom:

"Rule 167 ... The identity and location of any potential party or witness may be obtained from any communication or other paper in the possession, custody or control of a party, and any party may be required to produce and permit the inspection and copying of the reports, including factual observations and opinions, of an expert who will be called as a witness. Provided, that *the rights herein granted shall not extend to other written* statements of witnesses or other written *communications* passing *between agents or representatives or the employees of either party to the suit, or* to other *communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution,* investigation *or defense of such claim or the circumstances out of which same has arisen.*" (Emphasis ours.)

Reference is made to Tex.R.Civ.P. 186a "Scope of Examination (on deposition)", in which is stated: "Provided, however, that subject to the provisions of the succeeding sentence, the rights herein granted shall not extend to the work product of an attorney or to communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation, or defense of such claim,

or the circumstances out of which same has arisen, and shall not require the production of written statements of witnesses ...." The language of Rule 186a existed at time of the trial below and was in no way changed by the Rule Amendments which became effective January 1, 1981.

A case of similarity was presented in *Gass v. Baggerly*, 332 S.W.2d 426, 430 (Tex. Civ.App.—Dallas, 1960, no writ). There, as here, the defendant's own insurance company has secured a statement from him shortly after occurrence of the casualty by reason of which the defendant was later sued for damages. On trial the attorney for plaintiff had sought to introduce the same into evidence. There was objection of the defendant that the statement was privileged by Rule 167. The trial court sustained the objection and the statement was excluded. The Dallas Court of Civil Appeals held the exclusion to have been correct.

(To be noted, relative to Rule 167 is that the quote of the rule by the Dallas court were in the words we have emphasized in our own quotation from the rule in its condition at time of trial.)

A defendant is entitled to all the benefits of rules of law appertaining; and, in a case where he has the further benefits by contract with a liability insurance company to have an attorney's services afforded at the company's expense, the securing of his statement by that company before suit was filed constitutes privileged matter identical to the privilege which would have existed had it been a statement initially given to an attorney he had himself later employed after having been served with citation.

Affirmed.