Village of Maywood, a Municipal Corporation, Plaintiff-Appellee, v. Herbert Jackson, et al., Defendant-Appellant.

**Gen. No. 48,898.**

First District, Third Division.

May 22, 1963.

Leonard Karlin, of Chicago, for appellant.

Ancel, Stonesifer, Houpt & Riley, of Chicago (Louis Ancel and Francis X. Riley, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal by Herbert Jackson from an order of the trial court denying his motion to vacate an order finding him guilty of contempt and assessing a penalty of $100. The contempt order recites that he wholly failed, neglected or refused to board up a

building "between March 23, 1962 the date of the Injunction ordering him to so board up said premises and April 20, 1962 the date on which said premises were conveyed to the Village of Maywood, as a local Public Agency under the pending Urban Renewal Project in Maywood."

The complaint filed by the village averred that Jackson, one of the owners of the property, did not reside on the premises, but managed the same and collected the rents. It further alleged that the building was in deplorable condition; that it was in violation of the requirements of the village code; and that there were eleven adults and twenty-six children living as tenants in three apartments in the building. A motion to dismiss the complaint was made on the ground that defendant had agreed to purchase of the property by the Urban Renewal Agency under the renewal program, and, in substance, that the order placed an unwarranted burden on him to relocate the tenants.

In the motion to dismiss filed March 23, 1962, Jackson pointed out that his dominion over the property was limited; that the village urban renewal agency had his warranty deed; and that the order required him in effect to relocate the tenants, which the governmental authorities had failed to do. After a hearing the court overruled the motion to dismiss, heard witnesses and entered an order reciting that the property did not comply with the standards of health and safety of the village; that the allegations of the complaint with respect to ordinance violations were true and that an emergency existed because of immediate danger to the occupants of the building; and issued a mandatory injunction pendente lite, requiring Jackson to vacate the building and to remove all the tenants on or before 5:00 p. m., March 28, 1962, and that the other defendants (being the occupants of the building)

31

be enjoined from occupying any living quarters in the building. On March 28, 1962 an order was *entered which recited that relocation facilities had not yet been found for all the tenants and therefore, the time for the vacation of the premises was extended.* There were further extensions and on April 19, 1962 an order was entered reciting that two of the apartments had been vacated and that the other was about to be vacated, and a continuance was again granted. On May 10, 1962, an order was entered that a rule to show cause issue against defendant Herbert Jackson for his failure to board up the building pursuant to a previous order.

■ On May 17, the court entered an order finding Jackson guilty of failure to comply with that order, but continued the matter to June 1, 1962. On that day the village made a motion *to vacate the rule to show cause and to withdraw its earlier petition* for such a rule on the ground "that the reasons for said Petition and Rule are substantially moot." The court denied the motion of the village for leave to withdraw its petition, and found defendant guilty of contempt, imposing the fine hereinbefore referred to.

The four points made by the village in its brief are:

1. That this court lacks jurisdiction to consider the constitutional question raised by defendant;
2. That the injunction must be obeyed until vacated or modified;
3. That contempt actions are sui generis prosecuted by the people, and not by litigants; and
4. That defendant has not appealed from a final order.

As to the first point, the position of the village is sound. This court cannot pass on constitutional questions.

■ As to the second point, there is no showing that Jackson was in position to perform the duty imposed. The village was in better position to do so. It had received the deed from Jackson and a release deed from the mortgage holder.

■ The relevance of the third point—that contempt actions are sui generis prosecuted by the people and not by litigants—is not clear to us. The village had control of the litigation and had determined that the contempt action should be discontinued. The suit was a civil suit and the order was entered in a civil case. Certainly at the time it made the motion, the village considered that it had the right to have the rule discharged, but it now takes the position that it did not have such right. It would have been more appropriate for the village to have confessed error in this case, in which it appears that the prosecution was conducted by the court, and not by the village.

■■ As to the fourth point made by the village, the appeal was from the denial of a motion to vacate, which was a final order. Nothing else was pending. The village had advised the court that the matter was moot, except for the contempt action. If defendant is now denied his right to appeal, he will never be able to present the propriety of the trial court's action to any appellate court.

The village cites Johnson v. City of Rockford, 26 Ill App2d 133, 137, 169 NE2d 534, 536, in which an appeal was taken from an order sustaining a motion to strike and dismissing the complaint as to one of several defendants. The court held that as there were other parties and claims undisposed of, sec 50(2) of the Practice Act applied, and since no certificate as provided for in such cases had been made by the court, the appeal was dismissed. In the instant case, the suit had become moot and the only question left was the contempt order. The village also cites Village

of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371, involving the transfer of a case from the Superior Court of Cook County to the Criminal Court. The court held it was not a final order. The distinction between that case and the instant one is obvious. Here there is nothing more in the case except the contempt order. Plaintiff itself said in substance—the building is vacated, the case is moot, there is nothing more to be done—and it moved to discharge the rule against defendant. The action of the trial court in punishing defendant for contempt was pursued on the court's own instance, without warrant in law or equity.

Order reversed.

DEMPSEY, PJ and McCORMICK, J, concur.