Thomas Koch, a Minor, by Quentin Koch, His Father and Natural Guardian, Plaintiff-Appellee, v. Dale Mettler, Defendant-Appellant.
People of the State of Illinois, Petitioner-Appellee, v. Burton C. Bernard, Attorney, Respondent-Appellant.

Gen. No. 64–F–30.

Fifth District.

May 29, 1964.

Bernard & Davidson, of Granite City (Burton C. Bernard, of counsel), for appellant, Mettler. Lord, Bissell & Brook, of Chicago (Newell S. Boardman, of counsel), for respondent-appellant, Bernard. Reed & Armstrong, of Edwardsville (James L. Reed, of counsel), and Emerson Baetz, of Alton, for appellant.

Moran, Beatty and Hiscott, of Granite City, for appellee.

WRIGHT, JUSTICE.

This is an appeal from a judgment entered by the Circuit Court of Madison County finding Burton C. Bernard, Attorney for the Defendant, Dale Mettler, guilty of contempt and assessing a fine against him in the amount of $100.

On February 13, 1960, Dale Mettler, an insured under an automobile liability insurance policy issued by the Madison County Mutual Automobile Insurance Company, was involved in an automobile collision causing injuries to plaintiff, Thomas Koch.

A short time after the accident an agent of the insurance company obtained from the insured an accident report, on the back of which was a statement regarding the collision signed by the insured, which statement was delivered to the Edwardsville Offices of the company, and later the insured was interviewed by an adjuster for the insurance company who made a written memorandum, which included the contents of his conversation with the insured. This memorandum

was delivered by the adjuster to the home office of the insurance company.

In April, 1961, a personal injury action arising out of the aforesaid automobile accident was filed by plaintiff, Thomas Koch, against defendant, Dale Mettler, in the Circuit Court of Madison County. Thereafter, the Madison County Mutual Automobile Insurance Company employed respondent, Burton C. Bernard, an attorney, to represent and defend the insured, Dale Mettler, and notified the insured that Burton C. Bernard had been so engaged. The insurance company delivered to Burton C. Bernard a copy of the complaint and summons, the accident report completed by the insured, the statement made over his signature and a copy of the memorandum of the insurance adjuster containing statements by the insured and also conclusions of the adjuster. Attorney Bernard was instructed by the insurance company not to disclose to opposing counsel or any other person the information contained in said accident report and memorandum.

The order of contempt and fine were entered against Attorney Burton C. Bernard because of his failure and refusal to obey an order of the Circuit Court commanding him to produce and deliver to the plaintiff's counsel statements made by the insured, Dale Mettler, to his insurance company shortly after the collision, plus a memorandum prepared by the insurance adjuster containing information from the insured to his company supplementing the original report of the insured. The plaintiff filed a motion in this case to dismiss the appeal on the ground that no actual controversy exists which gives this court jurisdiction.

■ The rule is well estabished that in pretrial discovery matters such as is here presented, appeal is allowed from a contempt order. Kemeny v. Skorch, 22 Ill App2d 160, 159 NE2d 489; Village of Maywood v. Jackson, 42 Ill App2d 29, 190 NE2d 593. The motion

to dismiss the appeal which was taken with the case is overruled.

[2] The sole question involved in this case is the discoverability of communications or statements given by an insured to his automobile liability insurance carrier to be used for the information of said insurance carrier and for the information of said insurance carrier and for the information and assistance of counsel that may be thereafter selected by the insurance carrier to defend the insured in the event that suit be filed against him.

The disposition of the question here presented depends upon the interpretation of Supreme Court Rule 19–5(1) which reads as follows:

"Rule 19–5. (1) Matters privileged against Discovery.

"All matters which are privileged against disclosure upon the trial are privileged against disclosure through any discovery procedure. Disclosure of memoranda, reports or documents made by or for a party in preparation for trial or any privileged communications between any party or his agent and the attorney for the party shall not be required through any discovery procedure."

We believe that the decision of the Supreme Court in People v. Ryan, Docket No. 37951, January 1964 Term, not yet reported, where the factual situation was similar to the facts before us is decisive of the question here presented. In that case, Della Emberton, the insured, was involved in an automobile collision as a result of which two persons were killed. Prior to the collision, Inter-Insurance Exchange of the Chicago Motor Club had issued a public liability insurance policy insuring the insured against all claims for personal injury, wrongful death and property damage occasioned by the operation of the automobile by in-

sured. The policy contained the usual co-operation clause and the usual clause requiring the company to defend any suits brought against the insured.

Following the collision, an investigator interviewed the insured and took from her a written statement signed by her covering the details of the occurrence, which statement was placed in the files of the insurance company. Afterwards, an information was filed in the County Court of Douglas County charging insured with driving her automobile at the time of the collision while under the influence of intoxicating liquor. Afterwards, Attorney Willis P. Ryan was employed by the insured to defend her on the criminal charge. Upon the criminal case being set for trial, Mr. Ryan, who had been previously employed by the insurance company in automobile collision cases affecting its policyholders in the surrounding counties, contacted the Champaign Office of the insurance company and requested the investigation file for use in the criminal case and the file was delivered to him. This file contained the written signed statement of the insured in which she admitted to the consumption of several bottles of beer in two taverns before the accident. Later, the State's Attorney served a subpoena on Willis P. Ryan commanding him to produce the written statement signed by the insured. Willis P. Ryan had not been employed by the insurance company to defend any civil litigation arising out of this particular collision. In fact, no civil litigation was then pending. Upon Ryan's refusal to produce the document requested, the trial court entered an order finding him guilty of contempt and assessing a fine in the amount of $100.

Concluding that the statement given by the insured to her insurance carrier was privileged, the Supreme Court said:

"... We concede that such communications are normally made by the insured to a layman and in

255

many cases no lawyer will actually be retained for the purpose of defending the insured. Nevertheless, by the terms of the common liability insurance contract, the insured effectively delegates to the insurer the selection of an attorney and the conduct of the defense of any civil litigation. The insured is ordinarily not represented by counsel of his own choosing either at the time of making the communication or during the course of litigation. Under such circumstances we believe that the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interest of the insured. We believe that the same salutory reasons for the privilege as exists when the communication is directly between the client and attorney were present when Della Emberton made her statement to the investigator for her insurer. *We therefore conclude that public policy dictates that the statement given by Della Emberton to her insurance carrier was clothed with the attorney-client privilege while in control of the insurer."* (Emphasis added.)

The court further held that the privilege was not lost when the statement was transmitted by the insurer with the consent of the insured to her attorney for use in the defense of a criminal proceeding pending against her.

It is undisputed in the instant case that the insurance company was obligated to employ legal counsel under the terms of its insurance contract to represent the insured in case suit be brought and that the statements obtained from the insured defendant were given to the insurance company for the purpose of transmitting information to the insurance com-

256

pany to be used by legal counsel which thereafter might be employed to represent and protect the interest of the insured.

We, conclude, therefore, that the report and statements of Dale Mettler given to the adjuster for Madison County Mutual Automobile Insurance Company, his insurance carrier, were given to said adjuster and insurance company as an agent to be made available to an attorney that might be selected by said company to defend any action brought against Dale Mettler as a result of the accident and that said communications were clothed with the attorney-client privilege while within the control of the insurance company and retained that attorney-client privilege when it was communicated to Burton C. Bernard, as an attorney selected by the insurance company, to defend Dale Mettler in the personal injury action pending against him.

The judgment of the Circuit Court of Madison County finding respondent, Burton C. Bernard, guilty of contempt and assessing a fine against him of $100 is therefore reversed.

Judgment reversed.

DOVE, P. J. and REYNOLDS, J., concur.