**Orvie McKnight, Plaintiff, v. Susan Dennis, Defendant.**
**In re: Maurice E. Gosnell, Alleged Contemnor-Appellant.**

Gen. No. 64–9.

Fifth District.

September 16, 1964.

Ryan and Heller, of Mattoon, for amicus curiae.

Jack E. Horsley, of Craig & Craig, of Mattoon (Fred H. Kelly, of counsel), for alleged contemnor-appellant.

DOVE, P. J.

On October 29, 1962, Orvie McKnight filed, in the Circuit Court of Crawford County, his complaint seeking to recover damages which he alleged he sustained as a result of an intersection collision, which occurred on October 17, 1960, between the truck he was driving and an automobile driven by defendant, Susan Dennis.

After defendant had filed an answer denying the several charges of alleged negligence, a motion was filed by plaintiff which alleged that at the time of the occurrence in question both parties to this litigation were insured by the Country Mutual Insurance Company for liability arising out of the operation of the motor vehicle involved in this collision; that thereafter the insurance company investigated the occurrence and obtained statements from the plaintiff and defendant and from other preoccurrence and postoccurrence witnesses; that it was the duty of the insurance company under the terms of its policy issued to the plaintiff, to investigate the occurrence on behalf of both parties and to refrain from taking any action which would be detrimental to the best interests of both the plaintiff and defendant; that the attorneys representing the defendant, Susan Dennis, have available to them for their use in the defense of

the claim of the plaintiff, "copies of all of the investigative material secured by Country Mutual, regardless of whether it was secured on behalf of the plaintiff or on behalf of the defendant." The prayer of this motion was that the court "enter an order directing Country Mutual Insurance Company, which is the real party defending the instant case, to surrender to the plaintiff for his use and inspection all investigative material secured by the said Company in the investigation of the collision herein."

To this motion the defendant, Susan Dennis, filed an answer, admitting that Country Mutual Insurance Company was defending the action on behalf of the defendant; that it has employed counsel and that defendant's counsel have, available for their use, in the defense of the claim against the defendant, copies of the investigative material secured by said Insurance Company, which was obtained by said Company in performance of its duty as insurer of both plaintiff and defendant under their respective policies. The answer avers that the Insurance Company is not a party to this action, but offers to exhibit to plaintiff a copy of the statement obtained by the Insurance Company from plaintiff. The answer insisted, however, that under the authority of The People v. Ryan, 40 Ill App 2d 352, 189 NE2d 763, the statement of the defendant taken by her insurer in fulfillment of its contractual obligation to her, under the terms of her policy, is confidential and privileged against unwilling disclosure. Attached to the motion were copies of the several insurance policies issued by the Company, insuring the plaintiff and defendant, and which referred to the vehicles involved in this collision.

The record discloses that the policy of insurance issued by Country Mutual Insurance Company to the plaintiff and defendant in this case contained this provision:

"The Company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient."

Recognizing its obligation under this provision of the policies it had issued, the Company made an investigation of the collision in question, and as a result thereof, obtained statements of the parties, of witnesses, also reports and documents and made memoranda to be used in defense of plaintiff's action. The insurer also selected and retained appellant as counsel to represent defendant, and its investigating file was delivered to appellant for his use in preparation for trial. It is this file which appellant, under the direction of his employer, the insurance carrier, declined to produce for inspection. Counsel, however, offered to produce the statement obtained from the plaintiff which he had secured from his employer, Country Mutual Insurance Company, but, it was "all investigative material secured by the Company in the investigation of the collision herein," which counsel for plaintiff sought to have appellant surrender to the plaintiff for his use and inspection, and which the order of the trial court directed appellant to produce.

The trial court held that no question of privilege from disclosure was involved herein because the insurance carrier had issued its policy of insurance to both the plaintiff and defendant, and that justice and equity required that each insured should have the benefit of the investigation made by the insurer. Accordingly the trial court sustained plaintiff's motion and entered an order directing counsel to produce the entire file and upon counsel's refusal so to do, held

him in contempt of court, imposed a fine and counsel appeals.

Rule 17 of the Supreme Court provides in part:

> "A party may at any time move for an order directing any other party or person to produce specified documents, relating to the merits of the matter in litigation, for inspection and to be copied or reproduced. . . . On the hearing the court may make any order that may be just."

Rule 19–5(1) provides:

> "All matters which are privileged against disclosure upon the trial are privileged against disclosure through any discovery procedure. Disclosure of memoranda, reports or documents made by or for a party in preparation for trial or any privileged communications between any party or his agent and the attorney for the party shall not be required through any discovery procedure."

In People v. Ryan, 30 Ill2d 456, 197 NE2d 15, it appeared that Della Emberton was involved in an automobile collision which resulted in the death of two persons. Subsequently, Della Emberton gave to an investigator of her insurance carrier a signed written statement which gave the details of the occurrence. This statement became a part of the files of the insurance company, and at the request of Willis P. Ryan, an attorney at law, was delivered to him by the insurance company. Prior to its delivery to Mr. Ryan, he, Ryan, had been employed by Della Emberton to represent her in a criminal proceeding in which she was charged with driving the automobile involved in the collision, while under the influence of intoxicating liquor. In the criminal proceeding, Ryan was subpoenaed as a witness and directed to produce, upon the criminal hearing, the statement made by Della

Emberton to the insurance company. Ryan declined, at the direction of his client, to do so and was found guilty of contempt of the process of the trial court and a fine was imposed. In reversing this judgment, the Supreme Court said that public policy dictates that the statement given by Della Emberton to her insurance carrier was clothed with the attorney-client privilege while in control of the insurer and that this privilege was not lost when the statement was transmitted by the insurer, with the consent of the insured, to her attorney for use in the defense of a criminal proceeding against the insured.

In Koch v. Mettler, 49 Ill App2d 251, 199 NE2d 417, an agent of the insurance carrier of the defendant had obtained from the defendant an accident report regarding a collision in which the plaintiff and defendant were involved and which was the basis of an action brought by the plaintiff against the defendant to recover damages for personal injuries sustained by the plaintiff in the accident. On the back of this accident report was a statement regarding the collision signed by the defendant. Later the adjuster interviewed the defendant and made a written memorandum which included the contents of his, the adjuster's, conversation with the defendant. These documents were delivered to the home office of the insurance company, and by it delivered to its attorney, whom it had employed to defend the action brought by the plaintiff against the defendant in accordance with the provisions of its policy of insurance.

The trial court entered an order directing the attorney for the defendant to produce and deliver to plaintiff's counsel these statements and documents. Upon his failure and refusal to comply with this order, he was adjudged in contempt of court and fined. Upon appeal, this court, following the holding in the Ryan case, held that the statements of a defendant given to his insurance carrier were given to the in-

surance company as agent for the defendant, and were to be made available to the attorney selected by the company to defend the action brought against the defendant; that these communications were clothed with the attorney-client privilege while within the control of the insurance company, and retained that privilege when delivered to its attorney for the purpose of defending the action brought against its insured.

■ Under these and other authorities, appellant was not required to disclose the statements made by defendant to his insurance carrier's investigator or produce for the use and inspection of plaintiff and his counsel the investigator's file, which he, appellant, had received from his client's insurance company.

■ It is contended in the instant case, however, that these authorities do not apply because both the plaintiff and defendant were insured by the same insurance carrier, and, it is argued, that "it would be against public policy to allow Country Mutual to accumulate investigative material with the representation that it is made for the benefit of both insureds, and to deliver the material to one and exclude the other insured from the use of the material."

No authority is cited to sustain this theory, although, of course, the insurance carrier was required to act fairly toward its policy holders, but there was no obligation on the part of the insurance company to assist its policy holder, the plaintiff, to sue anyone. Its obligation and duty was to defend, on behalf of its insured, the action brought by the plaintiff against her. It was only when this action was commenced that the insurance carrier incurred any obligation under its several contracts of insurance, and its only obligation was, under the provisions of the policy issued to defendant, and that obligation was to defend the action brought against defendant by the plaintiff. It had no obligation to do anything else.

Plaintiff selected and employed his own attorney who filed the instant complaint. The insurance carrier only came into the proceeding after the complaint was filed, and its investigation was made for the purpose of obtaining material to aid in the defense of the action brought against its insured by the plaintiff. No counterclaim was ever filed by the defendant. Simply because Country Mutual was also the insurance carrier for the plaintiff, did not, in any way, enlarge or extend the insurance company's contractual policy obligations. The relationship of the plaintiff and defendant in the instant case is, in no way, changed because they have the same insurance carrier. Their relationship to each other and to their insurance company was the same after this action was started as it was before suit had been filed. As stated the obligation of the insurer was to defend the asserted claim of the plaintiff against the defendant under a contractual obligation to do so.

In the instant case, plaintiff's motion was directed to the entire investigative file of the Insurance Company and the order which appellant declined to obey directed him to produce all the investigative material obtained by appellant from his employer, the insurance carrier. This order was entered after the Appellate Court had affirmed the judgment of the trial court in the Ryan case (People v. Ryan, 40 Ill App2d 352, 189 NE2d 763), but prior to the time that judgment was reversed by the Supreme Court. (People v. Ryan, 30 Ill2d 456, 197 NE2d 15.)

The order entered by the trial court herein was an unqualified invasion of appellant's file, and, under the authorities cited, called for the production of matters privileged from discovery. Supreme Court Rule 17 provides for the production of specified documents, not privileged from discovery and which related to the merits of the litigation. The order entered in this case

410

specified the entire file, not any particular documents contained therein. The order was too inclusive and too broad, and was not warranted by Supreme Court Rule 17.

For the reasons stated, the judgment of the Circuit Court of Crawford County is reversed.

Judgment reversed.

REYNOLDS and WRIGHT, JJ., concur.