EMILY KAY MARTIN, Plaintiff-Appellant, *v.* RANDALL CLARK, Defendant-Appellee.—RANDALL CLARK, Plaintiff-Appellee, *v.* CHRISTOPHER MARTIN, Defendant-Appellant.

Third District    Nos. 80-310, 80-309 cons.

Opinion filed December 31, 1980.

Craig E. Collins, of Barash & Stoerzbach, of Galesburg, for appellant.

Fred R. Odendahl, of Monmouth, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

A common law negligence action was brought against the defendant-appellant, Christopher Martin, by Randall Clark, the plaintiff-appellee, for injuries resulting from an intersectional automobile accident. A separate action was filed against Randall Clark, defendant-appellee, by Emily Kay Martin, plaintiff-appellant and owner of the automobile which Christopher Martin was driving, for damage to the vehicle. The cases were consolidated for trial and, following a jury trial, judgment was entered in favor of Randall Clark in both causes of action. A motion for a new trial filed by Emily Kay Martin and Christopher Martin was denied, and this appeal followed.

The vehicle owned by Emily Kay Martin and driven by Christopher Martin was proceeding easterly on East Franklin Avenue in Monmouth, Illinois, immediately prior to the accident. Randall Clark was driving his automobile in a northerly direction on North Third Street just before the accident. The vehicles collided in the intersection of East Franklin Avenue and North Third Street. This intersection contains no traffic control devices of any type.

Prior to the commencement of the joint trial, Randall Clark moved the court for an order requiring that a certain transcribed statement given by Christopher Martin to his insurer be turned over to Clark. Over the objection of Martin, the motion was granted.

During the instruction conference, appellants Christopher Martin and Emily Kay Martin tendered to the court Illinois Pattern Jury Instructions Civil, No. 70.02 (2d ed. 1971) (IPI). This instruction relates to the right-of-way law at an unmarked intersection. The court refused IPI Civil No. 70.02 and gave those instructions concerning unmarked intersections requested by Randall Clark. One of those instructions was a quotation of section 11—901 of the Illinois Vehicle Code and the other was a quotation of the City of Monmouth ordinance, which is a municipal counterpart of section 11—901.

In this appeal the appellants contend that the trial court erred in ordering Christopher Martin to turn over to Randall Clark the statement made by Martin to his insurer and in refusing to give IPI Civil No. 70.02. We agree with the appellants as to both issues.

■■ The statement given by Christopher Martin to his insurer was protected by the attorney-client privilege and, for this reason should not have been subject to discovery by Randall Clark. Ill. Rev. Stat. 1979, ch. 110A, par. 201(b)(2); see *People v. Ryan* (1964), 30 Ill. 2d 456, 197 N.E.2d 15, and *McKnight v. Dennis* (1964), 51 Ill. App. 2d 403, 201 N.E.2d 461.

The appellee cites *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, for the proposition that the statement given by an insured to his insurer in

advance of trial is not a privileged statement or work product. *Monier* does not, however, state such a general proposition. In that case, the adverse parties had a common insurer and this fact was known to both parties shortly after the occurrence. Based on these facts, the Illinois Supreme Court concluded that the attorney-client privilege which normally attaches to statements made by an insured to his insurer was not applicable and held that the statements were subject to discovery. In so holding the court reiterated the general rule enunciated in *People v. Ryan* (1964), 30 Ill. 2d 456, 197 N.E.2d 15, that such statements are clothed with the attorney-client privilege and are therefore privileged from discovery as confidential communications.

Because the parties in the instant case did not have the same insurer, the *Monier* exception to the general rule prohibiting discovery of statements made by an insured to his insurer does not apply, and the trial court erred in ordering that the statement made by Christopher Martin to his insurer be turned over to Randall Clark prior to trial.

■■ The trial court also erred in refusing to give IPI Civil No. 70.02, tendered by the appellants, and in substituting therefore the wording of section 11—901 of the Illinois Vehicle Code and section 17—62 of the Municipal Code of Ordinances to the City of Monmouth.

IPI Civil No. 70.02 reads as follows:

"At the time of the occurrence in question, there was in force in the State of Illinois a statute governing the operation of motor vehicles approaching intersections.

If two vehicles are approaching an intersection from different highways at such relative distances from the intersection that if each is being driven at a reasonable speed, the vehicle on the right will enter the intersection first or both vehicles will enter the intersection at about the same time, then this statute requires the driver of the vehicle on the left to yield the right of way to the vehicle on the right.

On the other hand, if two vehicles are approaching the intersection from different highways at such relative distances from the intersection that if each is being driven at a reasonable speed, the vehicle on the left will enter the intersection and pass beyond the line of travel of the vehicle on the right before the vehicle on the right enters the intersection, then this statute requires the driver of the vehicle on the right to yield the right of way to the vehicle on the left.

The fact that a vehicle has the right of way does not relieve its driver from the duty to exercise ordinary care in approaching, entering and driving through the intersection."

Section 11—901 of the Illinois Vehicle Code reads as follows:

"When 2 vehicles approach or enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left must yield the right-of-way to the vehicle on the right." Ill. Rev. Stat. 1979, ch. 95½, par. 11—901.

Similarly, section 17—62 of the Municipal Code of Ordinances to the City of Monmouth, reads as follows:

"The driver of a vehicle approaching an intersection should yield the right-of-way to a vehicle which has entered the intersection from a different highway or street.

When two vehicles approach or enter an unmarked intersection from different roadways at approximately the same time, the driver of the vehicle on the left must yield the right-of-way to the vehicle on the right."

As is readily apparent from a reading of the quoted materials, IPI Civil No. 70.02 differs significantly from the wording of the statute and ordinance in question. Section 11—901 and the corresponding section of the City of Monmouth ordinance provide that the driver on the right has an unqualified right-of-way if two vehicles enter or approach an intersection at approximately the same time. IPI Civil No. 70.02 indicates that the driver on the right has the right-of-way when both vehicles will enter the intersection at approximately the same time, while providing that if the vehicle on the left will enter the intersection and pass beyond the line of travel of the vehicle on the right before the vehicle on the right enters the intersection, then the driver on the left has the right-of-way.

This disparity is addressed in the comments to IPI Civil No. 70.02. There the legislative history of the Illinois Vehicle Code section dealing with the right-of-way at unmarked intersections is given. It reveals that a considerable body of case law developed in response to an early version of the section which read as follows:

"Except as hereinafter provided motor vehicles traveling upon public highways shall have the right-of-way to vehicles approaching along intersecting highways from the right and shall have the right-of-way over those approaching from the left." (Ill. Rev. Stat. 1949, ch. 95½, par. 165).

A body of case law decided under that statute made it clear that a driver did not have an unqualified right of way simply because he was approaching from the right. Instead, the car approaching from the right had the right of way only where, with both cars being driven within the recognized speed limits, the car on the right would reach the intersection before or at about the same time as the car on the left. See *Sharp v. Brown* (1951), 343 Ill. App. 23, 30, 98 N.E.2d 122, 125; *Gauger v. Mills* (1950), 340

Ill. App. 1, 6, 90 N.E.2d 790, 792-93; *Heidler Hardwood Lumber Co. v. Wilson & Bennett Manufacturing Co.* (1926), 243 Ill. App. 89, 94-95; *Salmon v. Wilson* (1923), 227 Ill. App. 286, 288.

In 1953 in an apparent attempt to put this judicial construction into the express terms of the statute, the legislature amended section 165 to read as follows:

"(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

(b) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

This language remained in effect until the 1969 Illinois Vehicle Code, which is currently in effect, was enacted. The 1969 provision does not clarify the disparity between the decisional law and the unqualified statement of the Statute. Since, however, there was no reason to believe that the General Assembly intended to change the substance of the decisional law when it enacted the 1969 Illinois Vehicle Code, IPI Civil No. 70.02 was not revised. IPI Civil No. 70.02, Comments, at 262.

In *Payne v. Kingsley* (1965), 59 Ill. App. 2d 245, 250, 207 N.E.2d 177, 179, IPI Civil No. 70.02 was held to be a correct statement of the law. Because the wording of the instruction given in Payne has not changed, we conclude that it remains a correct statement of the law. This conclusion is based, in part, on the only reasonable interpretation of section 11—901 of the Illinois Vehicle Code.

Pursuant to Supreme Court Rule 239, IPI instructions must be given when they accurately state the applicable law. (See *Ryan v. Fleischman* (1978), 64 Ill. App. 3d 75, 380 N.E.2d 1099.) We determine, therefore, that in the instant case the trial court erred in refusing to give IPI Civil No. 70.02.

For the foregoing reasons, the judgment of the Circuit Court of Warren County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.