DENNIS R. LOWER, Plaintiff-Appellee, v. RICK L. RUCKER, Defendant (Douglas J. Pomatto, Contemnor-Appellant).

Second District   No. 2—90—1237

Opinion filed July 17, 1991.—Rehearing denied August 28, 1991.

Karen L. Kendall and Gary D. Nelson, both of Heyl, Royster, Voelker & Allen, of Peoria, and Douglas J. Pomatto and Richard K. Hunsaker, both of Heyl, Royster, Voelker & Allen, of Rockford, for appellant.

Joseph G. McGraw and Harold L. Turner, both of Street, Larson & Turner, of Rockford, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Douglas Pomatto, an attorney, appeals from an order of the circuit court of Ogle County finding him in contempt of court for failure to comply with a discovery order. On appeal, Pomatto contends that production of the specified document would violate the attorney-client privilege.

Rick and Julie Rucker are the co-owners of an automobile and the named insureds on an automobile liability policy with Economy Fire & Casualty Company. On August 12, 1989, while Rick was driving and Julie was a passenger, their car struck two pedestrians, killing one. After the accident, Economy retained Roum Adjustment Company to investigate. During the course of the investigation, Roum employee Adam Mandel took statements from Rick and Julie Rucker and prepared handwritten summaries thereof. These were forwarded to Economy along with the rest of the Roum investigation file.

On January 2, 1990, David Lower, the surviving pedestrian, filed suit against Rick Rucker. Economy retained attorney Douglas Pomatto to represent Rucker, and the discovery process commenced. Lower's attorney requested production of, among other things, the Roum investigation file. Apparently, Economy declined to produce the file, and Lower filed a "Motion in Aid of Discovery" requesting that the court order Economy to produce the file. At the hearing on the motion, Lower's attorney represented to the court that he was not seeking production of the statements of Rick and Julie Rucker. The court granted the motion but allowed Economy to redact certain portions of the file to exclude the "opinions, conclusions and recommendations" of Roum.

Some time later, however, Lower filed a second "Motion in Aid of Discovery" requesting production of the entire Roum file including the Ruckers' statements. In the motion, Lower alleged that the Ruckers' statements were made before counsel was retained by Economy to represent Rick, so the statements were not subject to the attorney-client privilege; further, Rick and Julie were divorced, so no marital privilege attached to Julie's statement. Following a hearing on this motion, the court found that Julie's statement was not privileged and ordered Econ-

omy to produce it. Economy failed to produce the statement, and Lower filed a petition for a rule to show cause why Rick or his attorney, Douglas Pomatto, should not be held in contempt for failing to comply with the production order. At the hearing on the petition, Pomatto persisted in his contention that Julie's statement was privileged. The court disagreed and found Pomatto in contempt for failure to comply with the order and fined him $50. Pomatto filed a timely notice of appeal.

On appeal, Pomatto contends that the court erred in finding that Julie's statement to the Roum investigator was not privileged.

■■ Communication between an insured and an insurer where the insurer is under an obligation to defend the insured is privileged. (*People v. Ryan* (1964), 30 Ill. 2d 456, 460; *Chavez v. Watts* (1987), 161 Ill. App. 3d 664, 672.) The privilege attaches even where such communication is made to a layman, and not an attorney, and even where no lawyer is actually retained to defend the insured, because the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interests of the insured. (*Ryan*, 30 Ill. 2d at 460-61.) In this case, Julie was a co-owner of the car which was involved in the accident, and she was in the car at the time of the accident. When she made her post-accident statement to Adam Mandel, the possibility existed that she would be made a defendant in lawsuits that might arise as a result of the accident, and she could reasonably assume that statements made to her insurer would be transmitted to an attorney for the protection of her own interests.

The problem with the communication in this case is that it was not made directly to the insurer but to an independent contractor retained by the insurer to conduct the investigation of the accident. This situation is similar to that presented in *Shere v. Marshall Field & Co.* (1974), 26 Ill. App. 3d 728. In *Shere*, the statement at issue was given to Safety and Claims Service, an independent contractor retained by the defendant and the defendant's excess-public-liability insurer to investigate and adjust claims. The court determined that Safety was not an insurer, that it had no contractual duty to defend the insured, and that there was "no reason to assume that it was an agent for the defendant's attorney." The court held that attorney-client privilege had never been extended to cover communications to such third parties and that there was no reason to extend the privilege to Safety. (26 Ill. App. 3d at 731.) The court distinguished the situation from that presented in *Ryan* where the statement found to be privileged was given to an employee of the insurer, and the insurer had a contractual obligation to defend the insured.

■■ While we appreciate the factual distinction between a statement given by an insured to an employee of his insurer and a statement given by an insured to an independent contractor retained by his insurer, in our view, and for purposes of the privilege, it is a distinction without a difference. In either case, the statement is given at the request of the insurer who had an obligation to defend the insured, and we fail to see how the motives and interests of an insured in giving a statement about an accident would be any different depending on whether he was communicating with an employee of the insurer who was investigating the accident or with an independent contractor who was investigating the accident on behalf of the insurer. If the communication between the insured and the insurer is privileged (*Ryan*, 30 Ill. 2d at 460), we can perceive of no reason why the communication between the insured and the independent investigator should not also be privileged. To the extent that the holding in *Shere* is applicable here, we decline to follow it.

We conclude that Julie Rucker's statement to Adam Mandel was privileged and that the judgment of contempt was erroneous.

The judgment of the circuit court of Ogle County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

WOODWARD and BOWMAN, JJ., concur.